IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01206-LTB-BNB

CONEJOS COUNTY CITIZENS,

Plaintiff,

v.

SAN LUIS & RIO GRANDE RAILROAD, INC., and
ENERGY SOLUTIONS, INC.,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiffs' **Request for a Temporary Restraining Order** [Doc. # 2, filed 05/24/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiffs initiated this action in the Conejos County, Colorado, by filing the Motion on May 24, 2010. Defendant San Luis & Rio Grande Railroad ("SLRG") removed the case to this court.[1] The Motion states in its entirety:

> WHEREAS it has come to the attention of the local citizenry, that there is a plan underway to receive, handle (transload), and ship toxic and even radioactive waste material from Los Alamos, New Mexico near Antonito, Colorado, and
>
> WHEREAS the County Commissioners of Conejos County, during a special open meeting including a group of citizens who were unanimously opposed to such an activity, did vote to direct the

---

[1] SLRG states that it has not been served with a Summons, Complaint, or the Motion. *Defendant's Notice of Removal* [Doc. #1], ¶ 2.

> Attorney working for Conejos County, Steven Atencio, to file an Injunction against the parties involved in this plan, and
>
> WHEREAS said attorney has ignored this directive and although fully Four and One-half days have transpired, and still, no such injunction has been filed, and
>
> WHEREAS it has been announced that toxic and potentially radioactive waste material has already been shipped from Los Alamos and preparations have been made [to] go ahead with transloading operation in or near Antonito, today, irrespective of the public outcry and the unanimous resolution of the County Commissioners mandating an injunction be filed,
>
> NOW THEREFORE COME THE UNDERSIGNED CITIZENS OF CONEJOS COUNTY to implore the Judge of the District Court, to enjoin and prevent the San Luis-Rio Grande Railroad together with Energy Solutions, Inc. from any activity involving toxic waste of any kind anywhere in Conejos County and to enforce a TEMPORARY RESTRAINING ORDER, Until an injunction can be filed and the merits of said injunction can be discussed and ruled upon.

Although the plaintiffs seek a temporary restraining order, where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction."[2] Emmis Communications Corp. v. Media Strategies, Inc., 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish the right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the

---

[2] I may construe the Motion as a request for a preliminary injunction even though the plaintiffs have not served formal notice on the defendants. See Fed.R.Civ.P. 65, Notes on 1966 Amendment, Subdivision (b).

2

movant must show that (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The movant's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The plaintiffs do not discuss any of the Lundgrin factors. Consequently, they have not sustained their burden to establish clearly and unequivocally their right to injunctive relief.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 7, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge